UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 29, 2018

Gregory P. Fleckenstein
210 Kearney Drive
Joppa, Maryland 21085

Benjamin B. Prevas, Esq.
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

   RE: *Gregory Fleckenstein v. Commissioner, Social Security Administration*;
      Civil No. SAG-16-4032

Dear Mr. Fleckenstein and Counsel:

  On December 19, 2016, Plaintiff Gregory Fleckenstein, who proceeds *pro se,* petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. [ECF No. 1]. I have considered both parties' motions, and Mr. Fleckenstein's reply. [ECF Nos. 23, 24, 26]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

  Mr. Fleckenstein filed his claim for benefits on February 6, 2014, originally alleging a disability onset date of April 1, 2011. (Tr. 174-77). His claim was denied initially and on reconsideration. (Tr. 90-100, 102-13). A hearing was held on February 23, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 56-89). Following the hearing, on April 27, 2016, the ALJ determined that Mr. Fleckenstein was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 37-55). The Appeals Council denied Mr. Fleckenstein's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

  The ALJ found that Mr. Fleckenstein suffered from the severe impairments of "tibial plateau fracture, lumbar degenerative disc disease, left knee pain with meniscal tear, vestibular system disorder, and obesity." (Tr. 42). Despite those impairments, the ALJ found that Mr. Fleckenstein retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except he can lift up to twenty pounds occasionally, lift up to ten pounds frequently, stand or walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. He can occasionally push or pull with his left lower extremity and occasionally operate foot controls with his left foot. Additionally, the claimant can occasionally climb ramps, or stairs, balance, stoop, kneel, crouch, or crawl, but can never climb ladders, ropes, or scaffolds. The claimant can have occasional exposure to hazards such as moving machinery and unprotected heights. Furthermore, he can work in an ordinary office setting with no more than moderate noise intensity level as described in the Selected Characteristics of Occupations.

(Tr. 44). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Fleckenstein could perform several jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 48-49).

Mr. Fleckenstein raises a number of issues on appeal, including the contention that the ALJ exhibited a "lack of understanding of POST TRAUMATIC Stress Disorder and its accompanying mental health issues."[1] [ECF No. 26]. While there is no diagnosis of post-traumatic stress disorder in the medical records before this Court, Mr. Fleckenstein's argument regarding the ALJ's failure to address his other diagnosed mental health issues is meritorious.

An ALJ is required to discuss each diagnosis that is supported by objective medical evidence in the claimant's record. *See Boston v. Barnhart*, 332 F. Supp. 2d 879, 885 (D. Md. 2004); *see also Albert v. Astrue*, No. CBD-10-2071, 2011 WL 3417109, at *2 (D. Md. July 29, 2011). In this case, Mr. Fleckenstein, at various times, was diagnosed with depression, anxiety, and sleep apnea by treating physicians. *See, e.g.*, (Tr. 576-79) (2012 note from Dr. Anthony showing his review of systems "positive for anxiety, depression, feelings of stress, mood swings and sleep disturbance" and initiating referral to a psychologist); (Tr. 848) ("The 2 hour nocturnal sleep study was consistent with a diagnosis of severe sleep apnea."); (Tr. 851) (2015 assessment from Dr. Patel with diagnoses including anxiety and obstructive sleep apnea, along with history of depression). The ALJ, however, did not evaluate Mr. Fleckenstein's mental diagnoses, or his severe sleep apnea, at step two of the sequential evaluation. This Court has held that an ALJ's failure to consider the severity of a diagnosis at step two is harmless where the ALJ corrects his or her error by "fully consider[ing] the impact" of the neglected evidence when determining the claimant's RFC. *See Burroughs v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-1081, 2015 WL 540719, at *1 (D. Md. Feb. 9, 2015). The ALJ, however, did not consider the impact of Mr. Fleckenstein's mental issues or his sleep apnea anywhere in the RFC assessment. The ALJ is required to consider all of a claimant's impairments, both severe and non-severe, in assessing the claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(2). The ALJ did not address Mr. Fleckenstein's

---

[1] Many of Mr. Fleckenstein's arguments, including his allegations of political motivations and his suggestions of corruption regarding workers' compensation, are not appropriately presented in this appeal, in light of this Court's limited jurisdiction to review the ALJ's opinion to determine whether it is supported by substantial evidence.

mental impairments or sleep apnea, either to make credibility findings regarding those allegations or to determine whether those diagnoses would impair his ability to perform the limited range of sedentary work. In light of the ALJ's failure to consider Mr. Fleckenstein's diagnoses in any manner, remand is required. *See Copes v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-14-3010, 2015 WL 9412521, at *2 (D. Md. Dec. 21, 2015). In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Fleckenstein was not disabled is correct, but have simply determined that the ALJ did not engage in the required analysis of all of Mr. Fleckenstein's diagnosed impairments.

I acknowledge that, at the hearing, Mr. Fleckenstein's attorney represented that there were no mental health issues. (Tr. 82). However, Mr. Fleckenstein's own testimony at the hearing reiterated issues of depression and anxiety as corroborated by the medical records, so the ALJ should have conducted his own analysis despite the attorney's representation. *See, e.g.*, (Tr. 69) ("At that point, I feel anxious and angry and upset. . . . I'm just an angry man."); (Tr. 71) ("And I was just so mean and miserable."). On remand, the ALJ should consider the evidence of record and determine whether a psychological consultative examination is warranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment [ECF No. 23] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 24] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge